AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Mississippi

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>JENNIFER GRISWOLD,<br>A/K/A Jennifer Lynn McDaniel,<br>A/K/A Jennifer Dubois | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    1:13cr65WJG-JMR<br><br>USM Number:    17124-043<br><br>Peter H. Barrett, William C. Barrett<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    one-count Information

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprision of a Felony | 7/2009 | 1 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)    Indictment in 1:13cr38WJG-JMR-2    ☒ is    ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 6, 2013
Date of Imposition of Judgment

*Walter J. Gex III*
Signature of Judge

Walter J. Gex III, United States Senior District Judge
Name and Title of Judge

November 6, 2013
Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 1A

AO 245B   (Rev. 09/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: GRISWOLD, Jennifer, a/k/a Jennifer Lynn McDaniel, a/k/a Jennifer Dubois
CASE NUMBER: 1:13cr38WJG-JMR-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Seven (7) months, with credit for time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 12 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT:          GRISWOLD, Jennifer, a/k/a Jennifer Lynn McDaniel, a/k/a Jennifer Dubois
CASE NUMBER:        1:13cr38WJG-JMR-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

One (1) year.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT:          GRISWOLD, Jennifer, a/k/a Jennifer Lynn McDaniel, a/k/a Jennifer Dubois
CASE NUMBER:        1:13cr38WJG-JMR-2

# SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall provide the United States Probation Office [USPO] with access to any requested financial information.

2. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the USPO unless Defendant is in compliance with the installment payment schedule.

3. Defendant shall complete 100 hours of community service work within the first six months of supervision. Defendant shall perform the community service work at specific times agreed upon with the approved community service agency and USPO. Defendant is responsible for providing verification of completed hours to USPO.

4. Defendant shall participate in a program of testing and/or treatment for alcohol/drug abuse as directed by the USPO until such time as Defendant is released from the program by the USPO. If enrolled in an alcohol/drug treatment program, Defendant shall abstain from consuming alcoholic beverages during treatment and shall continue abstaining for the remaining period of supervision. Defendant shall contribute to the costs of such treatment in accordance with the USPO Copayment Policy.

5. Defendant shall not possess, ingest, or otherwise use, a synthetic cannabinoid, or other synthetic narcotic, unless prescribed by a physician.

Judgment — Page  5  of  6

DEFENDANT: GRISWOLD, Jennifer, a/k/a Jennifer Lynn McDaniel, a/k/a Jennifer Dubois
CASE NUMBER: 1:13cr38WJG-JMR-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ Waived | $ 623,217.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| United Parcel Services<br>Attn: VP of Security<br>1000 Semmes Avenue, 9th Floor<br>Richmond Virginia, 23224 | | $552,000.00 | |
| Worldwide Logistics Solutions<br>119 Scioto Street<br>Urbana, Ohio  43078 | | $34,211.00 | |
| Knight Transportation<br>5601 West Buckeye Road<br>Phoenix, Arizona  85043 | | $17,590.00 | |
| Charles Savoie<br>1033 Leroux Road<br>Wheelock, Vermont  05851 | | $1,350.00 | |
| Swift Transportation<br>2200 South 75th Avenue<br>Phoenix, Arizona  85043 | | $18,066.00 | |
| **TOTALS** | $ | $       623,217 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

■ the interest requirement is waived for the    ☐ fine   ■ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GRISWOLD, Jennifer, a/k/a Jennifer Lynn McDaniel, a/k/a Jennifer Dubois
CASE NUMBER: 1:13cr38WJG-JMR-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 623,317.00 due immediately, balance due

☐ not later than _____, or
☒ in accordance  ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any unpaid balance is due in equal monthly installments of no less than $100.00 per month, with the first installment due 30 days after the date of Defendant's sentencing, November 6, 2013. The Court acknowledges that Defendant does not have the present ability to pay the restitution in full during her term of supervision. Prior to the termination of supervision, Defendant shall cooperate fully with the USP0, and the U.S. Attorney's Financial Litigation Unit, to make satisfactory arrangements to satisfy any remaining debt.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Defendants Jennifer Griswold, 1:13cr65WJG-JMR-1 and Dustin Lee Griwsold, 1:13cr38WJG-JMR-1, Total and Joint and Several Amount - $623,217.00.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.